IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**KARL L. HALPERIN**, individually )
and on behalf of a class,  )
  )
 Plaintiff, )
  )
 v. )
  ) No. 07 C 2161
**INTERPARK INC., and DOES 1-10**, )
  )
 Defendants. )

### MEMORANDUM OPINION AND ORDER

Plaintiff Karl L. Halperin has brought a class action complaint against defendants Interpark Inc. ("Interpark") and Does 1-10 alleging violations of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act, 15 U.S.C. § 1681c(g) ("FCRA"). Halperin has now moved to certify a class defined as

> all persons to whom Interpark . . . provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in Illinois after December 4, 2006, which receipt displays either (a) more than the last five digits of the person's credit card or debit card number, and/or (b) the expiration date of the person's credit or debit card.

Defendant Interpark opposes class certification on the grounds that a class action will not result in the fair and efficient adjudication of the controversy and plaintiff is not an appropriate class representative. For the following reasons, plaintiff's

1

motion is granted.

I.

On April 11, 2007 Halperin was issued an electronic receipt from an automated payment machine at an InterPark garage in Chicago, Illinois. The receipt contained the last four digits of his card number and the card's expiration date. Section 1681c(g) prohibits merchants from giving customers electronically printed receipts which display "more than the last 5 digits of the card number or expiration date."

II.

In assessing Halperin's motion for class certification, I must determine whether the four prerequisites of Federal Rule of Civil Procedure 23(a) are met, and whether plaintiff can maintain his suit under Rule 23(b)(1), (2), or (3). The four prerequisites of Rule 23(a) are that (1) the proposed class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims of the representative party are typical of the claims of the class; and (4) the representative party will fairly and adequately protect the interests of the class. FED. R. CIV. P. 23(a). Plaintiff's motion for class certification proceeds under Rule 23(b)(3), which requires that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available

methods for the fair and efficient adjudication of the controversy." FED. R. CIV. P. 23(b)(3). I address each of these requirements below.

## A. Numerosity

In order to satisfy Rule 23's numerosity requirement, a class must be "so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). Here, defendant does not contest that Halperin's proposed class would have, by defendant's estimate, at least 200 members and that over 900,000 qualifying receipts may have been printed. This estimate satisfies the numerosity requirement. *See, e.g.*, *McCabe v. Crawford & Co.*, 210 F.R.D. 631, 643 (N.D. Ill. 2002) ("Although there is no 'bright line' test for numerosity, a class of forty is generally sufficient to satisfy Rule 23(a)(1).") (citations omitted). I find this requirement met.

## B. Commonality

The second requirement of Rule 23(a) is that "there are questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). The commonality requirement is satisfied by showing "a common nucleus of operative fact." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) (citation omitted). In this case, the common nucleus of operative fact would be receiving the faulty receipts from defendant. Defendants do not dispute that plaintiff's proposed class satisfies the commonality requirement.

## C. Typicality

The third requirement of Rule 23(a) is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). "'A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.'" *De La Fuente v. Stokely-Van Camp Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (quoting Herbert Newberg, NEWBERG ON CLASS ACTIONS § 1115(b) (1977)). Again, defendant has presented no arguments why Halperin's claim is not typical of those of the class. Plaintiff's claims are the same as those of other class members; he alleges that defendant improperly printed the expiration date of his card on his receipt. Therefore, I find that Halperin's claims meet the typicality requirement.

## D. Adequacy of Representation

The final requirement of Rule 23(a) is that the class representative must "fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). The adequacy requirement is not met if the class representative has interests that are antagonistic to or in conflict with those of class members. *See Uhl v. Thoroughbred Tech. and Telecomms.*, Inc., 309 F.3d 978, 985 (7th Cir. 2002) (citations omitted). Defendant argues that

Halperin is not an appropriate class representative because he seeks to represent a class that potentially includes members who suffered a greater risk of injury as identified in FACTA. Specifically, defendant contends the class is overbroad because plaintiff's receipt from Interpark contained the last four digits of his card number, not five as set forth in subsection (a) of the class definition, and the expiration date. Although I explore this issue further with respect to the class definition, I do not find this renders plaintiff an inadequate class representative because Halperin's interest runs parallel to the members of class who received receipts with five card digits, a opposed to just four, but whose receipts nonetheless may have violated FACTA. Moreover, Halperin's complaint does not seek recovery for actual damages in terms of the "risk of injury." As the Seventh Circuit held in *Murray v. GMAC Mortgage Corp.*, actual damages in FCRA cases are likely to be small, and class treatment would be impossible if class counsel were required to seek actual damages for each individual class member. 434 F.3d 948, 953 (7th Cir. 2006). The Seventh Circuit stated in *Murray* that "[u]nless a district court finds that personal injuries are large in relation to statutory damages, a representative plaintiff must be allowed to forego claims for compensatory damages in order to achieve class certification." *Id.* Further, should any class members have individual claims for actual damages that they wish to pursue, they

5

may opt out of the class to do so. *Id.* Therefore, Halperin's interests are not antagonistic to or in conflict with those of class members.

Defendant also cites to portions of Halperin's deposition for the proposition that Halperin has admitted that defendant did not act "wilfully" under the FACTA. The deposition testimony does not support this contention, for Halperin states defendant acted wilfully because he believed it to be aware of pertinent statutory framework and that it chose to disregard it. Although he admitted he did not have specific evidence to this effect, that is not his responsibility but his lawyers. Moreover, plaintiff need not understand every aspect of the theories upon which the complaint is based; this is the responsibility of class counsel. *See, e.g.*, *Hernandez v. Midland Credit Mgmt., Inc.*, 236 F.R.D. 406, 414 (N.D. Ill. 2006). Further, defendant argues that Halperin cannot represent the class because of his attorney's mistake in electronically filing an unredacted version of their briefs which contained his card information. I do not see why this makes Halperin inadequate as he is not the person responsible for e-filing the briefs.

Defendants also imply that Edelman is not appropriate class counsel. *See Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993) (holding that the adequacy of class counsel is part of a Rule 23(a)(4) determination). Under Rule

23(g), in appointing class counsel I must consider the work counsel has done in identifying or investigating potential claims, counsel's experience in handling class actions and the type of claim asserted in the action, and the resources counsel will commit to representing the class. *See* FED. R. CIV. P. 23(g).

Defendants imply that Edelman is not an appropriate class counsel because of the unredacted filing. Defendant does not take issue with class counsel's investigation, experience or resources related to representing the class. Analyzing the factors in Rule 23(g), I find Edelman is appropriate class counsel. Edelman has clearly worked to identify potential claims through discovery and to articulate those claims in its class certification briefings; Edelman has significant experience in litigating class actions, particularly under the FCRA; and Edelman and his firm clearly have the resources to represent the class as they have in the numerous other class actions in which have been involved. The single mishap concerning the electronic filing does not fatally undermine Eleman's qualifications.

For these reasons, I find that Halperin and Edelman adequately protect the interests of the class.

### E. Predominance

Federal Rule of Civil Procedure 23(b)(3) requires a plaintiff to demonstrate that questions of law or fact common to all members of the class predominate over any individual questions. For the

7

reasons discussed above with respect to commonality and typicality, there is no reason to believe that any individual questions will predominate over the common questions in this litigation. Defendant presents no argument to the contrary. I find that the predominance requirement of Rule 23(b)(3) is met in this case.

F. Superiority

Federal Rule of Civil Procedure 23(b)(3) also requires that a class action be the superior method of adjudicating the claims at issue. As the Seventh Circuit noted in *Murray*, FCRA claims such as Halperin's are well-suited to class treatment. 434 F.3d at 953. Allowing the present class to proceed would be an efficient use of judicial resources, and would be superior to individual adjudication of the class members' claims.

Defendant's argument that the statutory damages sought would be disproportionally high is not properly grounded in Seventh Circuit law. In fact, in *Murray*, the Seventh Circuit held as follows:

> The reason that damages can be substantial, however, does not lie in an "abuse" of Rule 23; it lies in the legislative decision to authorize awards . . . .
> The district judge sought to curtail the aggregate damages for violations he deemed trivial. Yet it is not appropriate to use procedural devices to undermine laws of which a judge disapproves. [citations omitted] Maybe suits such as this will lead Congress to amend the [FCRA]; maybe not. While a statute remains on the books, however, it must be enforced rather than subverted. . . . Reducing recoveries by forcing everyone to litigate independently – so that constitutional bounds are not tested, because the statute cannot be enforced by more than a handful of victims – has little to recommend it.

8

434 F.3d at 953-54. As in the facts of this case, the complaint in *Murray* sought statutory damages, which in the aggregate created a potential liability "in the billions of dollars for purely technical violation of the FCRA." *Id*. at 953. Specifically with respect to the disproportionality of an award, *Murray* provides "[a]n awared that would be unconstitutionally excessive may be reduced . . . but constitutional limits are best applied after a class has been certified." *Id*. at 954 (citing *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003)). Contrary to defendant's argument, I find *Murray* speaks directly to the issue of disproportionality in the FCRA context.

Accordingly, I find *Murray* controlling and Rule 23(b)(3)'s superiority requirement is met here.

## G. Class Definition

Although defendant does not raise this argument separately, it did raise the issue that the class may be overbroad because Halperin seeks to represent a class that received receipts with more than five digits of the credit card (as opposed to four) in addition to the expiration date. I do not find the proposed class is insufficiently defined, for purposes of notice, or that plaintiff does not fall within the class definition. *See Sandoval v. City of Chicago*, No. 07 C 2835, 2007 WL 3087136, at *2 ( (N.D. Ill. Oct. 18, 2007) (Conlon, J.). Nor is the class overbroad by

improperly attempting to include individuals without standing under FACTA. *See id.* Accordingly, the class definition not improper.

III.

For the foregoing reasons, I grant plaintiff's motion and certify plaintiff's proposed class.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

DATED: November 29, 2007